PHILLIP A. TALBERT
United States Attorney
MICHAEL M. BECKWITH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>JEREMY RAY WARREN,<br><br>            Defendant. | CASE NO.  2:15-CR-0189 KJM<br><br>UNOPPOSED MOTION AND PROTECTIVE ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND COMPELLING ATTORNEY SHARI RUSK AND HER DEFENSE TEAM TO PROVIDE DISCOVERY |

## **MOTION**

The government asks the Court for an order (1) finding that Jeremy Ray Warren has waived the attorney-client privilege with respect to the matters raised in his pending motion filed under 28 U.S.C. § 2255, and (2) compelling attorney Shari Rusk and her defense team to provide discovery subject to the waiver of privilege.  The parties have met and conferred.  This motion is unopposed and has been reviewed by opposing counsel.

### A.  Factual Background

The defendant is a federal prisoner formerly proceeding *pro se* with a motion to vacate or set aside his entry of a guilty plea pursuant to 28 U.S.C. § 2255.  His motion was filed on October 19, 2022. ECF Doc. 258.  The defendant challenges his 2019 conviction for conspiring to engage in sex trafficking of a child.  ECF Doc. 218.  The defendant claims that his counsel, Shari Rusk, rendered ineffective assistance during the plea and sentencing processes.

1      On November 29, 2022, the Court appointed attorney Eric M. Weaver to assist with the

2   defendant's motion.  On December 22, 2022, the Court ordered the government to respond to the

3   defendant's motion.  The parties met and conferred.  On January 19, the Court ordered the parties to

4   follow their agreed-upon briefing schedule.  This filing is the first under the agree-upon schedule.

5      The defendant now alleges, among other things, his counsel provided ineffective assistance in

6   the following ways:

7      (1)  During the plea process in general.  ECF Doc. 258 at 13.

8      (2)  By advising, in the context of a Rule 11(c)(1)(C) agreement to a specific sentencing range,

9   that the government would recommend a sentence between "ten and twenty-four years," but the

10   sentence "would like be closer to 'ten than twenty.'"  ECF Doc. 258 at 14.

11      (3)  By advising that a base offense level of 30 "didn't matter" as the parties stipulated to a

12   specific "sentencing range."  ECF Doc. 258 at 15.

13      (4)  By advising that the offense to which he was pleading guilty "would not" have the collateral

14   consequence of precluding him from participating in certain BOP programs.  ECF Doc. 258 at 15, 25,

15   28-29.

16      (5)  By advising that she "had 'every confidence' that the United States would recommend a

17   sentence 'close to ten years.'"  ECF Doc. 258 at 15.

18      (6)  By acknowledging, prior to sentencing, that some sentencing enhancements "were not

19   applicable," but claiming she would not object out of fear that the Court would construe any objection as

20   "not taking responsibility."  ECF Doc. 258 at 17.

21      (7)  By failing to request a departure or variance before or during sentencing.  ECF Doc. 258 at

22   17-18.

23      (8)  By failing to discuss the minimum penalties associated with the offense to which he was

24   pleading guilty.  ECF Doc. 258 at 26-29.

25      The government expects to dispute these allegations but cannot do so adequately without

26   information provided by the defendant's former counsel.

27   ///

28   ///

**B.  The Court Should Find the Privilege has been Waived and Compel Former Counsel to Provide Information and Testimony**

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003).  Indeed, a defendant implicitly waives attorney-client privilege where he asserts "claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Id* at 719.  This doctrine is rooted in principles of fairness.  If a defendant wishes to litigate a claim involving privileged materials, he must waive privilege to the extent necessary to give the government the fair opportunity to defend against the claim.  *Id* at 720.  Under *Bittaker*, the Court "must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Id.* at 720.  The scope of the waiver must be "closely tailored" to the "needs of the opposing party in litigating the claim in question." *Id.*  The defendant may preserve the confidentiality of privileged communications by choosing to abandon the claim that gives rise to the waiver condition.  *Id*. at 721.

Because the defendant has placed the nature of his attorney-client relationship with prior counsel at issue by claiming counsel provided poor legal advice concerning the plea agreement and other issues, the defendant has waived his privilege as to those matters.  *See Bittaker*, 331 F.3d at 716.  Further, although the government believes that the defendant's former counsel will dispute the allegations in the § 2255 motion, it needs the opportunity to obtain such information concerning former counsel's oral and written communications with the defendant.

///

///

///

///

///

///

///

///

3

1       The government cannot respond to the defendant's allegations adequately without discovery

2   from Attorney Shari Rusk and any defense investigators with whom she worked.  For these reasons, the

3   government asks the Court to enter an order finding that the defendant has waived the attorney-client

4   privilege as to communications with his former defense counsel and any defense investigators with

5   whom she worked, and compelling them to provide such information and testimony upon request.

6

7                                 Respectfully submitted,

8    Dated:  January 25, 2023                  BENJAMIN B. WAGNER
                                      United States Attorney

9

10                     By:  */s/ Michael M. Beckwith*

11                          MICHAEL M. BECKWITH
                            Assistant United States Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROTECTIVE ORDER**

2   Good cause showing, and based on the record before the Court, the Court hereby FINDS that

3   defendant Jeremy Ray Warren, through the claims of ineffective assistance of counsel made in his

4   pending motion under 28 U.S.C. § 2255, has waived the attorney-client privilege with respect to any

5   discussions he had with his attorney, Shari Rusk, and her defense investigators, including any advice or

6   strategy, concerning the allegation that counsel provided ineffective assistance in the following

7   ways:

8   (1)  During the plea process in general.  ECF Doc. 258 at 13.

9   (2)  By advising, in the context of a Rule 11(c)(1)(C) agreement to a specific sentencing range,

10  that the government would recommend a sentence between "ten and twenty-four years," but the sentence

11  "would likely be closer to 'ten than twenty.'"  ECF Doc. 258 at 14.

12  (3)  By advising that a base offense level of 30 "didn't matter" as the parties stipulated to a

13  specific "sentencing range."  ECF Doc. 258 at 15.

14  (4)  By advising that the offense to which he was pleading guilty "would not" have the collateral

15  consequence of precluding him from participating in certain BOP programs.  ECF Doc. 258 at 15, 25,

16  28-29.

17  (5)  By advising that she "had 'every confidence' that the United States would recommend a

18  sentence 'close to ten years.'"  ECF Doc. 258 at 15.

19  (6)  By acknowledging, prior to sentencing, that some sentencing enhancements "were not

20  applicable," but claiming she would not object out of fear that the Court would construe any objection as

21  "not taking responsibility."  ECF Doc. 258 at 17.

22  (7)  By failing to request a departure or variance before or during sentencing.  ECF Doc. 258 at

23  17-18.

24  (8)  By failing to discuss the minimum penalties associated with the offense to which he was

25  pleading guilty.  ECF Doc. 258 at 26-29.

26  (9)  Any other allegations or claims in the defendant's § 2255 motion related to ineffective

27  assistance of counsel.

28  ///

1   The Court further FINDS that the government is permitted to take discovery related to these

2   allegations from the defendant's former counsel, including but not limited to Shari Rusk and any

3   member of the defense team who communicated with the defendant about the foregoing allegations in

4   order to respond to the defendant's claims of ineffective assistance of counsel.

5   Accordingly, IT IS HEREBY ORDERED THAT attorney Shari Rusk and any member of the

6   defense team who communicated with the defendant with respect to the foregoing allegations shall

7   provide, within twenty-one (21) days of this Order, the government and current counsel for the

8   defendant copies of all notes, documents, records, or other evidence related to the allegations identified

9   above.  To the extent that the documents contain privileged information on other matters not delineated

10  above, the aforementioned attorney can redact that information.

11  IT IS FURTHER ORDERED THAT attorney Shari Rusk and any member of the defense team

12  who communicated with the defendant about the foregoing allegations shall make themselves available

13  for joint interviews within twenty-one (21) days of this Order to answer any questions posed by the

14  government and/or the defendant's current counsel regarding the allegations discussed above.  The

15  aforementioned individuals, if called by either party, shall also testify in Court to answer any questions

16  posed by the government and/or the defendant's current counsel regarding the allegations discussed

17  above.

18  IT IS FURTHER ORDERED THAT the government shall limit its use of the documents, the

19  information contained therein, and any information gathered from the interviews of Ms. Rusk or

20  members of the defense team to rebuttal of the defendant's § 2255 claims.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    IT IS FURTHER ORDERED THAT the government shall not use the documents, the

2  information contained therein, or any information gathered from the interviews of Ms. Rusk or members

3  of the defense team against petitioner in any manner during any future proceeding, including any

4  possible retrial; and the government shall treat the documents, the information contained therein, and

5  any information gathered from the interviews of Ms. Rusk or members of the defense team as

6  confidential and shall not disseminate or disclose any information, documents, or the content of any

7  documents obtained pursuant to this Order other than in the course of its litigation of this § 2255

8  proceeding.

9    IT IS SO ORDERED.

10  DATED:  February 14, 2023.

11

12  _____

13  CHIEF UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28