1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    United States of America,                    No. 2:15-cr-00189-KJM-1

12                     Plaintiff,                   ORDER

13         v.

14    Jeremy Ray Warren,

15                     Defendant.

16

17         On October 19, 2022, defendant Jeremy Ray Warren filed a motion to vacate, set aside or

18    correct his sentence under 28 U.S.C. § 2255.  Habeas Petition, ECF No. 258.  Proceeding pro se,

19    defendant argued his counsel provided constitutionally ineffective assistance.  *See generally id.*

20    The government moves to dismiss the petition for failure to state a claim upon which relief can be

21    granted.  Mot. ECF No. 271.  Defendant, who is now represented by counsel, opposes.  Opp'n,

22    ECF No. 272; *see* Substitution of Attorney, ECF No. 261.  The government has replied.  Reply,

23    ECF No. 273.  For the reasons below, the court **grants the motion to dismiss and denies the**

24    **habeas petition with leave to amend.**

25         In 2019, defendant entered into a plea agreement with the government, Plea Agreement,

26    ECF No. 163, and pled guilty to count one of the superseding information, which charged him

27    with conspiracy to engage in sex trafficking of a child in violation of 18 U.S.C. §§ 1594(c) and

28    1591(a)(1), (b)(2), *see* Mins. Change of Plea Hr'g, ECF No. 194; Superseding Information, ECF

1

1    No. 162.  The court sentenced defendant to 206 months in prison followed by 300 months of

2    supervised release.  Mins. Sent'g, ECF No. 217.

3          Defendant challenges his conviction and sentence, arguing he did not have effective

4    assistance of counsel.  *See generally* Habeas Petition.  Defendant argues his counsel's incorrect

5    assurances and failure to explain the terms of the plea agreement rendered his decision to enter

6    into a plea agreement involuntary.  *Id.* at 28.  He declares "but for [counsel's] advisements . . .

7    [he] would have never accepted the plea agreement offered by the United States . . . , as it

8    contained numerous material errors."  Warren Decl. ¶ 11, ECF No. 258.

9          To state a claim for relief based on ineffective assistance of counsel, defendant must

10   show: (1) "counsel's representation fell below an objective standard of reasonableness" and

11   (2) counsel's deficient performance was prejudicial to the outcome.  *Strickland v. Washington*,

12   466 U.S. 668, 687–88 (1984).  Where a defendant challenges his guilty plea based on ineffective

13   assistance of counsel, "to satisfy the 'prejudice' requirement, the defendant must show that there

14   is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and

15   would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

16         The government argues defendant fails to state a claim because he does not allege he

17   would have insisted on going to trial had he received effective assistance of counsel.  *See* Mot. at

18   1.  Defendant's habeas petition focuses on whether or not he would have accepted the plea

19   agreement, *see generally* Habeas Petition, and in his opposition, he concedes he did not allege he

20   would have insisted on going to trial if he had been properly advised, Opp'n at 10.  Defendant

21   requests leave to amend to cure this deficiency in his petition.  *Id.*

22         Because defendant does not allege the prejudice requirement of the *Strickland* test, the

23   court finds defendant has failed to state a claim.  Therefore, the government's motion to dismiss

24   is granted.  However, the court grants defendant leave to amend his petition.  At the time he filed

25   his habeas petition, defendant was proceeding pro se.  The court construes pro se filings liberally,

26   *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and finds defendant may be able to state a claim

27   for relief in an amended petition, *see Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per

1  curiam) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it

2  appears that no tenable claim for relief can be pleaded were such leave granted.").

3      Accordingly, the government's **motion to dismiss is granted**.  Defendant's motion to

4  vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is **denied without prejudice and**

5  **with leave to amend.**  Any amended petition shall be filed within **30 days** of the filing date of

6  this order.  The government's response shall be filed within **30 days** of defendant's petition.

7      This order resolves ECF Nos. 258 and 271.

8      IT IS SO ORDERED.

9   DATED:  May 17, 2023.

10

_____
CHIEF UNITED STATES DISTRICT JUDGE

3