PHILLIP A. TALBERT
United States Attorney
MICHAEL M. BECKWITH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:15-CR-0189 KJM |
|---|---|
| Plaintiff, | PROTECTIVE ORDER FOR UNOPPOSED MOTION FOR AN ORDER AND FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND COMPELLING ATTORNEY SHARI RUSK AND HER DEFENSE TEAM TO PROVIDE DISCOVERY |
| v. | |
| JEREMY RAY WARREN, | |
| Defendant. | |

**PROTECTIVE ORDER**

Good cause showing, and based on the record before the Court, the Court hereby FINDS that defendant Jeremy Ray Warren, through the claims of ineffective assistance of counsel made in his pending motion under 28 U.S.C. § 2255, has waived the attorney-client privilege with respect to any discussions he had with his attorney, Shari Rusk, and her defense investigators, including any advice or strategy, concerning the allegation that counsel provided ineffective assistance in the following ways:

(1) During the plea process in general.

(2) During sentencing for failure to provide a "clear statement of the actual sentencing parameters."

(3) By advising, in the context of a Rule 11(c)(1)(C) agreement, that the government would recommend a sentence between ten and twenty years, but that the sentence would likely be closer to ten years than twenty.

///

(4) By advising that a base offense level of 30 "didn't matter" as the parties stipulated to a specific "sentencing range."

(5) By advising that the offense to which he was pleading guilty "would not" have the collateral consequence of precluding him from participating in certain BOP programs.

(6) By advising that she "had every confidence that the United States would recommend a sentence close to ten years."

(7) By stating, prior to sentencing, that some sentencing enhancements "were not applicable," but claiming she would not object out of fear that the Court would construe any objection as "not taking responsibility."

(8) By advising that the wording of the information would not affect his sentence or eligibility for certain BOP programs.

(9) Any other allegations or claims in the defendant's § 2255 motion related to ineffective assistance of counsel.

The Court further FINDS that the government is permitted to take discovery related to these allegations from the defendant's former counsel, including but not limited to Shari Rusk and any member of the defense team who communicated with the defendant about the foregoing allegations in order to respond to the defendant's claims of ineffective assistance of counsel.

Accordingly, IT IS HEREBY ORDERED THAT attorney Shari Rusk and any member of the defense team who communicated with the defendant with respect to the foregoing allegations shall provide, within twenty-one (21) days of this Order, the government and current counsel for the defendant copies of all notes, documents, records, or other evidence related to the allegations identified above. To the extent that the documents contain privileged information on other matters not delineated above, the aforementioned attorney can redact that information.

IT IS FURTHER ORDERED THAT attorney Shari Rusk and any member of the defense team who communicated with the defendant about the foregoing allegations shall make themselves available for joint interviews within twenty-one (21) days of this Order to answer any questions posed by the government and/or the defendant's current counsel regarding the allegations discussed above. The aforementioned individuals, if called by either party, shall also testify in court to answer any questions

posed by the government and/or the defendant's current counsel regarding the allegations discussed above.

IT IS FURTHER ORDERED THAT the government shall limit its use of the documents, the information contained therein, and any information gathered from the interviews of Ms. Rusk or members of the defense team to rebuttal of the defendant's § 2255 claims.

IT IS FURTHER ORDERED THAT the government shall not use the documents, the information contained therein, or any information gathered from the interviews of Ms. Rusk or members of the defense team against petitioner in any manner during any future proceeding, including any possible retrial; and the government shall treat the documents, the information contained therein, and any information gathered from the interviews of Ms. Rusk or members of the defense team as confidential and shall not disseminate or disclose any information, documents, or the content of any documents obtained pursuant to this Order other than in the course of its litigation of this § 2255 proceeding.

IT IS SO ORDERED.

DATED: August 15, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE