UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:15-cr-00189-KJM-1 |
| Plaintiff, | ORDER |
| v. | |
| Jeremy Ray Warren, | |
| Defendant. | |

Defendant Jeremy Ray Warren moves for post-conviction relief under 28 U.S.C. § 2255 based on ineffective assistance of counsel. For the reasons below, the motion is **denied**.

I.   BACKGROUND

On September 10, 2015, the grand jury charged defendant Jeremy Ray Warren with two counts of "Sex Trafficking of a Child or by Force, Threats of Force, or Coercion" in violation of 18 U.S.C. § 1591(a)(1) and one count of "Conspiracy to Engage in Sex Trafficking of a Child" in violation of 18 U.S.C. § 1594(c). Indictment, ECF No. 10. The charges carried a mandatory minimum of 10 to 15 years in prison. *Id.* at 6–7.[1] On July 16, 2019, defendant entered into a plea agreement with the government. Plea Agreement at 2, ECF No. 163. The court accepted

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

1

defendant's plea after a thorough colloquy in open court on August 16, 2019. Mins. Change of Plea, ECF No. 164; Change of Plea Hr'g Tr., ECF No. 234.

As part of the agreement, defendant pled guilty to a single count in the superseding information, which charged a violation of 18 U.S.C § 1594(c), conspiracy to engage in sex trafficking of a child. Plea Agreement at 2; *see* Superseding Info., ECF No. 162. The charge did not carry a mandatory minimum sentence. Superseding Info. at 3. The government agreed to dismiss without prejudice the remaining counts in the indictment. Plea Agreement at 4. In accordance with Federal Rule of Criminal Procedure Rule 11(c)(1)(C), the parties agreed on a particular sentencing range, 120 to 292 months of imprisonment, and a base offense level of 30. *Id.* at 5, 8. The parties agreed they would be "free to argue for any sentence within the agreed upon Rule 11(c)(1)(C) range," and the government agreed it would not "argue for a sentence above 292 months of imprisonment." *Id.* at 8. Defendant signed the agreement, which represented he understood it was the court that would determine what sentence to impose. *Id.* at 7, 11. His agreement also stated he had read, understood and voluntarily agreed to the plea agreement, carefully reviewed the agreement with his attorney and agreed "[n]o other promises or inducements" had been made to him other than the promises contained in the agreement itself. *Id.* at 11.

Prior to signing his plea agreement, defendant authorized his counsel, Shari Rusk, to negotiate a plea agreement with the government. Rusk Decl. ¶ 3, Opp'n Ex. 14, ECF No. 288-1; Warren Decl. ¶ 3, ECF No. 278-2. Prior to Ms. Rusk's representation of defendant, the government had not offered a below-guideline sentence, and it estimated a guideline range of roughly 292 to 365 months. Rusk Decl. ¶ 2. The government's offer Rusk was able to elicit was better than what had previously been offered to defendant when he was represented by former counsel. *Id*. ¶ 4. Defendant played an active role during plea negotiations with Rusk as his counsel. He "made modifications to the agreement and continued to refine it with the government." *Id*. Rusk reviewed with defendant each line of each version – there were approximately four versions – and defendant was "involved in fine tuning the plea agreement, specifically modifying some of the numbers and language." *Id*. ¶¶ 5–6. He made requests for

2

various changes. *Id.* He asked several questions during the process including questions about the stipulated base offense level, whether pleading guilty would preclude him from taking advantage of the Residential Drug Abuse Program (RDAP) and First Step Act (FSA) programming and why the superseding information included a reference to 18 U.S.C. §§ 1591(a)(1) and (b)(2). Warren Decl. ¶¶ 5–7, 10. Rusk advised defendant "the government would agree to recommend a custodial sentence between 'ten and twenty-four years,' but that the sentence would likely be closer to 'ten th[a]n twenty.'" Rusk Decl. ¶ 12. Although she did not promise a term of 120 months, she advised defendant she had "'every confidence' that the United States would recommend a sentence 'close to ten years.'" *Id.* ¶ 13; Warren Decl. ¶ 5. This was based on her impression from her discussions with the government that the defense could make mitigation arguments and the government would not object. Rusk Decl. ¶ 13. She declares "[n]o promise was specifically made regarding a sentence[.]" *Id.* She also advised defendant "the government was free to advocate for any term it chose." *Id.* ¶ 18.

In response to defendant's questions regarding the terms of the agreement, Rusk informed defendant the base offense level was 30 because the agreement "was a (c)(1)(C) agreement with a stipulated base level of 30," and the defense "did not have an offer without a stipulated offense level of 30." *Id.* ¶ 14. She also explained defendant would be pleading to a violation of 18 U.S.C. § 1594(c) and the reference to § 1591 in the superseding information would not affect his plea or sentence. *Id.* ¶ 15. Finally, counsel informed defendant she did not know whether pleading guilty would affect his eligibility to participate in RDAP or FSA because participation ultimately would be determined by the Bureau of Prisons (BOP). *Id.* ¶ 16.

At his change of plea hearing, defendant pled guilty to count one of the superseding information, which charged him with a violation of 18 U.S.C. § 1594(c), conspiracy to engage in sex trafficking of a child in violation of 18 U.S.C. § 1591(a)(1), (b)(2). *See* Mins. Change of Plea; Superseding Info.; Change of Plea Hr'g Tr. 16:18–20. During the change of plea hearing, defendant confirmed under oath he received a copy of the superseding information and discussed the charges against him "in the case in general" with his attorney. Change of Plea Hr'g Tr. 7:2–7. Defendant stated he was fully satisfied with counsel's representation and advice. *Id.* 7:13–16. He

1  confirmed he was entering the guilty plea voluntarily, because it was what he himself wanted to
2  do. *Id.* 8:18–20.  The government then described the terms of the plea agreement, *id.* 8:24–10:3,
3  including, that it agreed to recommend a sentence between 120 and 292 months, *id.* 9:4–7.
4  Defendant confirmed no one "made any promise or assurance that is not in the plea agreement" or
5  "attempted in any way to force or threaten [him] to plead guilty[.]" *Id.* 10:10-16.  Defendant
6  confirmed he understood it would ultimately be the court that would determine his sentence after
7  considering his advisory guideline imprisonment range and the § 3553(a) sentencing factors.  *Id.*
8  11:17–12:8.  He acknowledged he was waiving his right to appeal and to "challenge in any
9  manner whatsoever what occurs during [the change of plea hearing] and what occurs during
10 [his]sentencing proceeding" and agreed he was "knowingly giv[ing] up those rights" as stated in
11 his plea agreement.  *Id.* 12:16–22.  In the plea agreement, defendant acknowledged he was giving
12 up his appeal rights and his right to bring a collateral attack, "including a motion under 28 U.S.C.
13 § 2255[.]"  Plea Agreement at 9.  He also confirmed he understood he had the right to enter a not
14 guilty plea and, if he did, the right to a trial by a jury.  Change of Plea Hr'g Tr. 12:23–13:16.
15 Defendant then told the court he pled guilty on the counts covered by his plea agreement.  *Id.*
16 16:18–20.  The court found "the defendant is fully competent and capable of entering an informed
17 plea and that his plea of guilty is a knowing and voluntary plea supported by independent bases in
18 fact containing each of the settlements of the offense." *Id.* 16:22–25.  The court accepted his plea
19 and adjudged him guilty of the one count. *Id.* 17:1–2.
20       In the final presentence investigative report (PSR), the probation officer reported the
21 sentencing guideline range was 292 to 365 months of imprisonment and recommended a term of
22 imprisonment of 312 months.  PSR at 3, ECF No. 171.  In its supplemental sentencing
23 memorandum, and at the sentencing hearing, the government argued for a term of imprisonment
24 of 292 months, at the low end of this sentencing guideline range, but at the high end of the
25 parties' Rule 11(c)(1)(C) range.  *See* Gov't Suppl. Sent'g Mem., ECF No. 215; Sent'g Tr. 16:2–4,
26 ECF No. 238.  At sentencing on June 22, 2020, the court found the guideline range was 292 to
27 365 months, Sent'g Tr. 33:13, and after a full hearing sentenced defendant to 206 months in
28 prison followed by 300 months of supervised release.  Mins. Sent'g, ECF No. 217; J. &

4

Commitment, ECF No. 218. During the hearing, the court informed parties it would sentence within the parties' agreed upon range of 120 to 292 months. Sent'g Tr. 33:16–20. The court considered the § 3553 factors and defendant's adverse childhood and ultimately varied downward to 206 months. *See id.* 37:8–19. The court also gave defendant an opportunity to address the court, which he did. *Id.* 21:4–32:24. At no point did defendant seek to withdraw his guilty plea or argue the government or Rusk had promised he would receive a sentence closer to ten years. *See generally id.*

After the court entered judgment, defendant filed a notice of appeal. Notice of Appeal, ECF No. 220. Rather than challenging the conviction or the sentence, defendant argued the judgment and commitment order had to be amended to remove the reference to the underlying substantive offenses: violations of 18 U.S.C. § 1591(a)(1) and (b)(2). USCA Mandate at 4, ECF No. 257. The Ninth Circuit did not consider whether defendant had waived his right to appeal in this respect and affirmed the judgment. *See id.* It concluded the judgment clearly records that defendant pled guilty to a single count in the superseding information, the nature of the offense is conspiracy, and the "inclusion of statutory references to both the conspiracy statute and the sections describing the object of the conspiracy does not transform the judgment into one that describes a conviction of the substantive crime." *Id.* at 7–8. In a footnote, the Ninth Circuit noted, "[d]efendant argues . . . the Bureau of Prisons ("BOP") erroneously concluded that he has a conviction under 18 U.S.C. § 1591, which makes him ineligible for certain benefits and privileges." *Id.* at 7 n.2. However, it added, "[h]e now has the opportunity to present to the BOP this opinion, which construes the judgment to reflect that Defendant committed a single offense under 18 U.S.C. § 1594(c)." *Id.*

On October 19, 2022, defendant filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. First Habeas Pet., ECF No. 258. Proceeding pro se, defendant argued his counsel provided constitutionally ineffective assistance. *See generally id.* The court appointed counsel for defendant. *See* Min. Order Appointing Counsel, ECF No. 260; Min. Order Substituting Counsel, ECF No. 262. Counsel did not file any brief supplementing defendant's pro se petition. However, counsel filed a status report proposing a briefing schedule for the

petition and informing the court that the parties will seek "a motion for restricted access to the file of Mr. Warren's trial counsel[.]" Status Report, ECF No. 264.  With the assistance of counsel, defendant timely filed a response to the government's motion to dismiss. The court dismissed the first petition for failing to state a claim with leave to amend.  Prior Order, ECF No. 274.  With the assistance of counsel, defendant has now filed the pending amended motion to vacate, set aside or correct his sentence under § 2255.  Mot., ECF No. 278.  He seeks to withdraw his guilty plea based on ineffective assistance of counsel.  Mem. at 10, ECF No. 278-1.  He declares that had Rusk accurately advised him of the sentence he would receive and that his conviction and sentence would make him ineligible to participate in RDAP and FSA programs, he would not have entered the guilty plea and would have insisted on going to trial.  Warren Decl. ¶¶ 16–17.  The government opposes the motion, Opp'n, ECF No. 288, and defendant has replied, Reply, ECF No. 289.  Neither party requests an evidentiary hearing.

## II. WAIVER

"A knowing and voluntary express waiver of the right to collateral attack under § 2255 in a plea agreement is enforceable." *United States v. Ortiz*, No. 15-00124, 2019 WL 6727565, at *2 (E.D. Cal. Dec. 11, 2019) (collecting authority).  "Waivers of appellate rights or the right to collateral attack are unenforceable, however, with respect to ineffective assistance of counsel claims challenging the voluntariness of the waiver itself." *Id.* (citing *Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 2005)).  As noted, defendant waived his right to bring a collateral attack, including any motion under 28 U.S.C. § 2255.  *See* Plea Agreement at 9.  Although neither party briefed this issue, the court finds defendant's waiver of his right to collateral attack does not bar him from bringing an ineffective assistance of counsel claim challenging the voluntariness of the plea agreement.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citations omitted).  A defendant may attack the voluntary and intelligent character of the guilty plea by showing ineffective assistance

of counsel. *Id.* at 56–57 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)); *see also United States v. Silveira*, 997 F.3d 911, 913 (9th Cir. 2021) (applying *Hill* and *Strickland* in evaluating a 2255 motion). To state a claim for relief based on ineffective assistance of counsel, defendant must show: (1) "counsel's representation fell below an objective standard of reasonableness" and (2) counsel's deficient performance was prejudicial to the outcome. *Strickland*, 466 U.S. at 687–88. Where a defendant challenges his guilty plea based on ineffective assistance of counsel, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "[A] plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal." *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005). "A habeas petitioner bears the burden of establishing that his guilty plea was not voluntary and knowing." *Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006).

## IV.   ANALYSIS

Defendant challenges his conviction and sentence, arguing he was not accorded his constitutional right to effective assistance of counsel. *See generally* Mot. Defendant argues his counsel's gross mischaracterization of the likely sentence he would receive and misstatement regarding his eligibility for rehabilitative programs rendered his decision to enter into a plea agreement involuntary. Mem. at 12–14. He declares "[i]f Ms. Rusk had accurately advised me of the sentence I would actually receive and that I would be ineligible for [RDAP and FSA programs], I would not have withdrawn my not guilty plea and I would have insisted on going to trial." Warren Decl. ¶ 17.

First, defendant argues he received ineffective assistance of counsel because Rusk advised him he would likely receive a sentence close to 120 months, when in fact, he was sentenced to 206 months. Mem. at 12. "Gross mischaracterization of the likely outcome of the plea, combined with erroneous advice on the possible effects of going to trial, falls below the level of competence required for a defense attorney." *Torrey v. Estelle*, 842 F.2d 234, 237 (9th Cir. 1988). However, the Ninth Circuit has held "an erroneous prediction by a defense attorney

7

1    concerning sentencing does not entitle a defendant to challenge his guilty plea[.]" *United States*

2    *v. Michlin*, 34 F.3d 896, 899 (9th Cir. 1994) (citations omitted). Additionally, "[b]ecause of the

3    difficulties inherent in making the evaluation, a court must indulge a strong presumption that

4    counsel's conduct falls within the wide range of reasonable professional assistance[.]"

5    *Strickland*, 466 U.S. at 689.

6          Although defendant has provided evidence of an erroneous prediction by Rusk, he has not

7    shown her prediction was a gross mischaracterization of the outcome. Rusk advised defendant

8    his likely sentence would be closer to ten than twenty years, and also advised him she was

9    confident the United States would recommend a sentence closer to ten years. Rusk Decl. ¶¶ 12–

10   13; Warren Decl. ¶¶ 4–5. However, as defendant acknowledges, Rusk advised defendant his

11   custodial sentence would be between ten and twenty years. Warren Decl. ¶ 4. At no point did

12   Rusk promise him a term of 120 months. Rusk Decl. ¶ 13. Moreover, defendant went over the

13   plea agreement line by line with Rusk and played an active role during the plea negotiations. *See*

14   *id.* ¶¶ 5–6. The agreement specified the parties agreed to a sentencing range of between 120 and

15   292 months of imprisonment. Plea Agreement at 8. The United States did not promise to

16   recommend a sentence closer to 120 months; rather, the agreement specifies the parties would be

17   "free to argue for any sentence within the agreed upon Rule 11(c)(1)(C) range[.]" *Id.* Defendant

18   acknowledged and signed that he read, understood and voluntarily agreed to the plea agreement,

19   had carefully reviewed the agreement with his attorney and agreed "[n]o other promises or

20   inducements" had been made to him other than the promises contained in the agreement itself.

21   *Id.* at 11. Moreover, at the change of plea hearing, defendant confirmed in open court he was

22   entering the guilty plea voluntarily, because it is what he himself chose to do, Change of Plea

23   Hr'g Tr. 8:18–20, and not because of any promises or assurances outside of the agreement, *id.*

24   10:10–16. Defendant confirmed he understood it would ultimately be the court that would

25   determine his sentence in the future after considering his advisory guideline imprisonment range

26   and the § 3553(a) sentencing factors. *Id.* 11:17–12:8.

27         Based on the record before the court, Rusk accurately assured defendant his sentence

28   would be within the agreed upon sentencing range. Although she advised defendant she thought

1  the government would argue for a lesser sentence and his ultimate sentence would be closer to
2  120 months, those statements are "mere inaccurate prediction[s]" that do not amount to
3  ineffective assistance of counsel. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986). Her prediction
4  that he would likely receive a sentence closer to 120 months cannot be characterized as a gross
5  mischaracterization of the likely outcome of the plea. *See, e.g.*, *United States v. Keller*, 902 F.2d
6  1391, 1392–94 (9th Cir. 1990) (assurance of 36 months (3 years) not gross mischaracterization
7  when defendant was actually sentenced to 12 years); *United States v. Garcia*, 909 F.2d 1346,
8  1348–49 (9th Cir. 1990) (erroneous prediction defendant's sentence would be no more than 8
9  years when in fact defendant was sentenced to 235 months (approximately 19.5 years) did not
10 entitle defendant to change guilty plea); *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir.
11 1990) (inaccurate prediction of sentence of not more than 12 years not a gross mischaracterization
12 when defendant actually sentenced to 15 years); *but cf. e.g.*, *Riggs v. Fairman*, 399 F.3d 1179,
13 1183 (9th Cir. 2005), *reh'g en banc granted*, 430 F.3d 1222 (9th Cir. 2005), *appeal dismissed*,
14 2006 WL 6903784 (9th Cir., Apr. 14, 2006) (inaccurate prediction of maximum exposure of 9
15 years was gross mischaracterization and below objective standard of reasonableness when
16 counsel failed to investigate and learn defendant's actual maximum exposure was 25 years to
17 life).

18  Second, defendant argues counsel did not accurately advise him regarding his eligibility to
19 participate in rehabilitative programs including RDAP and under the FSA. Mem. at 13. He
20 argues both he and his attorney "were under the belief that he had pled guilty to 18 U.S.C. § 1594,
21 subd. (c), a belief not shared by the Court and the government." *Id.* at 14. Defendant appears to
22 argue that the government, probation officer and court were mistaken about the legal parameters
23 of his sentence, because his counsel at the time did not make a "clear statement" for the record --
24 and therefore he received a higher sentence than required by law. *Id.* at 13–14.

25  This argument is unavailing with respect to defendant's claim for ineffective assistance of
26 counsel, given that he appears to acknowledge his counsel had a correct understanding of what
27 crime he was pleading to. His counsel correctly advised him he would be pleading guilty to the
28 conspiracy count, Rusk Decl. ¶ 15; Warren Decl. ¶ 10, and informed him the base offense level

9

was 30, because that was consistent with the offer he received from the government, Rusk Decl. ¶ 14; Warren Decl. ¶ 6.

Moreover, as defendant concedes, the Ninth Circuit has already addressed the issue regarding the nature of his conviction offense. Mem. at 4 (noting Court of Appeals found "judgement correctly reflected that he had been convicted of one count of conspiracy in violation of 18 U.S.C. § 1594 (c) [and] [t]he reference to 28 U.S.C. § 1591and (a)(1) and (b)(2) merely reflected the object of the conspiracy but not that he had been convicted of those sections"). With regard to participation in FSA and RDAP programs, as defendant also concedes, inmates who have been convicted under § 1594, as he was, are not prohibited by statute from participating. *See* Mem. at 13; 18 U.S.C. § 3632(d)(4)(D)(xxvii) (ineligible prisoner includes prisoner serving sentence for a conviction "under chapter 77, relating to peonage, slavery, and trafficking in persons, *except* for sections 1593 through 1596" (emphasis added)). As the Ninth Circuit notes, defendant "has the opportunity to present to the BOP [the court's] opinion, which construes the judgment to reflect that Defendant committed a single offense under 18 U.S.C. § 1594(c)." USCA Mandate at 7 n.6. Taking into account the totality of the record, counsel did not grossly mischaracterize let alone erroneously predict the effect of the plea on defendant's ability to participate in rehabilitative programs while in federal custody. For the reasons above, defendant has not shown counsel's representation fell below an objective standard of reasonableness.

In addition, defendant has not met his burden of showing prejudice. Defendant declares he would have insisted on going to trial had counsel accurately advised him of the effect of his guilty plea on his sentence and eligibility for rehabilitative programing. Warren Decl. ¶¶ 16–17. However, "[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee v. United States*, 582 U.S. 357, 369 (2017). "Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.*

Here, apart from his post hoc assertion that he would have insisted on going to trial, the contemporaneous evidence does not substantiate defendant's position. First, "[s]tatements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent

10

1  proceedings attacking the plea." *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008). In
2  the change of plea hearing, defendant acknowledged the terms of the plea agreement, confirmed
3  he was entering the guilty plea voluntarily, confirmed he understood the court would ultimately
4  determine his sentence and confirmed he understood he had the right to plead not guilty and the
5  right to trial by jury. *See generally* Change of Plea Hr'g Tr. At no point did he raise concerns
6  about his attorney, state he had been made promises his sentence would be closer to ten years or
7  show any interest in going to trial. Moreover, as noted, defendant played an active role in the
8  plea negotiations—he made modifications to the agreement, reviewed each version and was
9  involved in fine-tuning the terms of the plea agreement. Rusk Decl. ¶¶ 4–6; *see also* Warren
10 Decl. ¶¶ 4–7. There is no evidence that at the time of pleading guilty he would rather have gone
11 to trial—defendant knew the agreed upon sentencing range was between 120 and 292 months,
12 knew he and the government could argue for any sentence within that range and acknowledged
13 his plea was voluntary. Finally, the charges in the original indictment imposed mandatory
14 minimum sentences, unlike the charge in the superseding information to which he pled guilty.
15 *Compare* Indictment at 6–7, *with* Superseding Info.; *see also United States v. Silveira*, 997 F.3d
16 911, 916 (9th Cir. 2021) (noting it was simply not plausible defendant would have insisted on
17 going to trial, in part because he would have faced a longer sentence had he gone to trial).

18       Apart from his post hoc assertion in support of this motion, there is no evidence
19 suggesting defendant wanted to go to trial or would have insisted on going to trial but for his
20 counsel's purported deficiencies. Defendant has not shown prejudice.

21 **V.  CONCLUSION**

22       For the reasons above, defendant's motion for habeas relief is **denied**. A certificate of
23 appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial
24 showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of
25 appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C.
26 § 2253(c)(3). A certificate of appealability should be granted for any issue that petitioner can
27 demonstrate is "debatable among jurists of reason," could be resolved differently by a different
28 court or is "adequate to deserve encouragement to proceed further." *Jennings v. Woodford*,

290 F.3d 1006, 1010 (9th Cir. 2002) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  In this case, defendant has failed to make a substantial showing with respect to any of the claims presented.  For this reason, the court **declines** to issue a certificate of appealability.

This order resolves ECF No. 278.

IT IS SO ORDERED.

DATED:  August 6, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE